### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAPDIVISION

| | | |
|---|---|---|
| **TIMOTHY R. MALLORY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11CV00013 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By:  James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff.  Eric P. Kressman, Regional Chief Counsel, Region III, Ameenah Lloyd, Assistant Regional Counsel, Kenneth DiVito, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania for Defendant.*

In this social security case, I will sustain the plaintiff's Objections to the magistrate judge's Report and Recommendation and remand for further development of the record.

## I

Timothy R. Mallory filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner"), denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security

Act (the "Act"), 42 U.S.C.A. §§ 1381-1383f (West 2012).   Jurisdiction of this court exists under 42 U.S.C.A. § 1383(c)(3).

Mallory filed his application for SSI on January 22, 2007.  The claims were denied initially and upon reconsideration.   A hearing was held before an administrative law judge ("ALJ") on October 21, 2008, at which Mallory, represented by counsel, and an independent vocational expert testified.   By decision dated February 3, 2009, the ALJ denied Mallory's claim.  The Social Security Administration's Appeals Council denied his request for review on January 28, 2011, thereby making the ALJ's decision the final decision of the Commissioner.

Mallory then filed his Complaint in this court seeking judicial review of the ALJ's decision.   I referred the case to the magistrate judge for determination pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2006 & Supp. 2011).   The magistrate judge issued her Report and Recommendation ("R&R") on March 20, 2012.  In it, she concluded that substantial evidence supported the ALJ's decision and that the decision should be affirmed.  Mallory filed timely Objections to the R&R.

II

I must determine de novo those parts of the magistrate judge's R&R that have been objected to.  Fed. R. Civ. P. 72(b)(3).  Mallory objects to the magistrate judge's finding that substantial evidence exists in the record to support the ALJ's conclusion that jobs existed in significant numbers in the national economy that Mallory could perform.

Mallory claimed disability due to degenerative disc disease in the back and neck with radicular pain into the right shoulder, arm and hand, as well as knee pain.  On referral from his neurosurgeon, Mallory was evaluated by an occupational therapist, who concluded that Mallory was limited to a sedentary physical demand level and required frequent postural changes for sitting, standing and walking.

At the administrative hearing, the ALJ asked the vocational expert to opine on the number of jobs available to Mallory based on the therapist's report.  The ALJ did not articulate a hypothetical outlining the specific restrictions in the report he wished the vocational expert to incorporate.  Instead, he referred the vocational expert to Snodgrass's report as a whole.  The ALJ stated, "[Snodgrass's report] is one of the more complete functional capacity evaluations I've seen in awhile. . . . Based on that report – [unintelligible] take into account his education ability and

his ability, are there jobs available [in] significant numbers in the regional and national economy to [inaudible]?"  (R. at 45.)

The vocational expert's responses to this question were largely inaudible according to the record.  The colloquy was as follows:

A  Your Honor, there is less than [inaudible].

CLMT:  What's that?

A  [Inaudible]

HE: Robert, we're having trouble hearing you.

Atty:  I didn't get those numbers.

A  Production worker 896 –

Q  Lower your microphone,   Lower it down so you can talk.

A  896.  Material handler is 962.  Cashier is 472.  Telephone clerk is 525.  [Inaudible].

(R. at 45-46.)

In his decision, the ALJ concluded that Mallory suffered from the severe impairment of degenerative disc disease of the cervical and lumbar spine but the impairment did not meet or medically equal a listed impairment.  The ALJ found that Mallory had the residual functional capacity ("RFC") to perform sedentary work that allowed for frequent postural changed from sitting, standing and walking but could not perform his past relevant work of truck driver or auto detailer.  Based on Mallory's age, education, work history, RFC and the testimony of the

vocational expert, the ALJ found that Mallory could perform other jobs existing in significant numbers in the national economy, including jobs as a general production worker, a material handler, a cashier, and a telephone order clerk. In his decision, the ALJ stated:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as general production worker with 1,500 jobs regionally and 61,000 nationally; material handler with 900 jobs regionally and 43,000 nationally; cashier with 3,800 jobs regionally and 145,000 nationally; and telephone order clerk with 9,000 jobs regionally and 26,000 nationally.

(R. at 18.)  The ALJ thus concluded that Mallory was not disabled under the Act.

## III

Mallory argues that, based on the record, there is insufficient evidence supporting the ALJ's conclusion that he is able to perform work that exists in significant numbers in the national economy.

In application of the required sequential evaluation process utilized by the Commissioner, once it is determined that a claimant has a severe or listed impairment, the burden shifts to the Commissioner to show that other work is available in the national economy that the claimant could perform. *See* 20 C.F.R. § 416.920(a)(4) (2011).  That burden is met only where there is evidence that "there is a significant number of jobs (in one or more occupations) having requirements

which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b) (2011). Because of the incompleteness of the record in this case, I am unable to determine whether there is substantial evidence indicating that the Commissioner met this burden.

The ALJ's hypothetical question to the vocational expert did not properly outline Mallory's impairments in such a way that ensured the vocational expert knew and responded based on the relevant abilities and limitations. *See Walker v. Brown*, 889 F.2d 47, 50-51 (4th Cir. 1989). The ALJ's question to the vocational expert did not adequately set forth a hypothetical reflecting the exact criteria of his RFC determination. *See Swaim v. Califano*, 599 F.2d 1309, 1312 (4th Cir. 1979). The ALJ merely referred the vocational expert to Snodgrass's detailed report, which contained descriptions of multiple limitations in addition to the conclusion that Mallory was limited to sedentary work with frequent postural changes. As Mallory notes, based on this question, neither the ALJ nor this court could properly determine which limitations were considered by the vocational expert in rendering his opinion.

More importantly, the vocational expert's answer to this improper hypothetical was largely inaudible and therefore not in the record. *See Russell v. Sullivan*, No. 89-1469, 1990 WL 136648, at *2 (4th Cir. Sept. 24, 1990) (unpublished) (finding lack of substantial evidence for ALJ's decision where vital

testimony of vocational expert was inaudible).   The record shows that the vocational expert responded to the ALJ's question by listing certain jobs and certain numbers.   The record does not show that the vocational expert identified the numbers or stated that the numbers represented the number of such jobs existing in the economy.   Based on the record, it is impossible to tell what the numbers represent.[1]

In his decision, the ALJ listed the number of the relevant jobs existing in both the regional and national economy.   Those numbers, however, are not based on the testimony of the vocational expert and appear nowhere in the record.   Thus, the record cannot support the ALJ's conclusion that relevant jobs exist in significant numbers in the national economy.   A remand is necessary in order that a properly framed question may be presented to the vocational expert and to ensure that the responses of the vocational expert are properly captured in the record.

IV

For the foregoing reasons, I will sustain the plaintiff's Objections and the Commissioner's final decision will be vacated and the case remanded for a new hearing before an ALJ.

---

[1]  In his brief, Mallory speculates that the numbers are Census indicators for the specific job descriptions.  (Pl.'s Objections 3.)

DATED:   April 23, 2012

/s/  James P. Jones
United States District Judge