# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| TIMOTHY R. MALLORY,<br>　　Plaintiff | )<br>)<br>) |
| v. | )　　Civil Action No. 2:11cv00013<br>) |
| | )　　**REPORT AND**<br>)　　**RECOMMENDATION** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>　　Defendant | )<br>)　　By:　P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small><br>)　　United States Magistrate Judge |

Plaintiff's counsel in this social security case seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2011). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The plaintiff, Timothy R. Mallory, filed suit in this court to obtain a review of the denial of a claim for benefits under the Social Security Act. The Commissioner of Social Security answered and both parties moved for summary judgment on the basis of the administrative record. Thereafter, a final judgment was entered remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C.A. § 405(g) (West 2011) (Docket Item No. 19). Plaintiff's counsel filed a timely motion for an award of attorneys' fees in the amount of $1,787.50 pursuant to the EAJA. (Docket Item No. 20) ("Motion"). The court ordered the

Commissioner to respond, and on May 18, 2012, the Commissioner did so, stating no objection to the requested amount of attorneys' fees. (Docket Item No. 22).

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2011). Mallory is the "prevailing party" because of the remand pursuant to "sentence four" of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I recommend that the court find that the plaintiff is entitled to an award of EAJA fees. However, for the reasons that follow, I further recommend that the court award a fee in an amount less than that requested.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006 & Supp. 2011).

Mallory's counsel has submitted an itemized record of attorney time expended in this case, showing a total of 13.75 hours. (Docket Item No. 20). As stated above, the Commissioner has not objected to the award of attorneys' fees. However, using this court's fairly recent case of *Chapman v. Astrue* as guidance, I find that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced in rate or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 2.25 hours for receipt of the filing of the motion for leave to proceed in forma pauperis and the order granting the same, as well as the receipt of the notice of filing the Complaint and the Notice of Summons. Counsel also claims .25 hour of attorney time for completion of service via the court's CM/ECF system. I recommend allowing 1 hour of paralegal time

and .25 hour of attorney time for these activities combined.  Plaintiff's counsel also claims .25 hour of attorney time for receipt of the Answer and Notice of Filing of the administrative record, as well as the magistrate judge's Notice to Counsel. Plaintiff's counsel claims .25 hour of attorney time for submitting the magistrate judge's Notice to Counsel to the court.  I recommend that the court allow .25 hour of nonattorney time and .25 hour of attorney time for these activities combined. Next, plaintiff's counsel claims .25 hour of attorney time for receipt of the administrative record and .25 hour of attorney time for receipt of the briefing order. I recommend that the court allow .25 hour of attorney time for these activities combined.  Plaintiff's counsel also claims 5 hours of attorney time for research and preparation of the brief in support of the motion for summary judgment.  Plaintiff's counsel further seeks .25 hour of attorney time for submission of this brief.  I recommend that the court allow 3.5 hours of attorney time for these activities combined.  Plaintiff's counsel claims .25 hour of attorney time for receipt of the Commissioner's motion for summary judgment and accompanying brief, as well as .25 hour of attorney time for receipt of the order of referral.  I find these requests reasonable.  Next, plaintiff's counsel claims .25 hour of attorney time for reviewing the Report and Recommendation, and 1.5 hours of attorney time for filing objections thereto. Again, I find such requests reasonable.  I also find reasonable Plaintiff's claim of .25 hour of attorney time for reviewing the district court's opinion sustaining his objections to the Report and Recommendation. Lastly, plaintiff's counsel claims 2.5 hours of attorney time for preparation and revision of the EAJA application.  I recommend allowing 1 hour of paralegal time and .25 hour of attorney time for these activities combined.

Based on the above reasoning, I recommend that the court not award the $1,787.50 in attorneys' fees requested by plaintiff's counsel.  Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time.  There are a total of 7 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $875.00 in compensable attorney time.  The remaining nonattorney activities total 2.25 hours.  This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time.  *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $168.75. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $1,043.75.[1]

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the Motion be granted, but that attorneys' fees under the EAJA in the reduced amount of $1,043.75 be awarded to

---

[1] Plaintiff's counsel initially requested a fee of $1,787.50, reflecting a total of 13.75 hours at $130.00 per hour.  Although the Commissioner does not object to the award of attorneys' fees or to the amount sought by plaintiff's counsel, this court is obligated under the EAJA to determine the proper fee.  *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").  Counsel has offered no evidence to justify an hourly rate higher than $125.00 an hour in this case.

plaintiff's counsel.  Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has recently ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney."  *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009).  On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party.  *See Astrue v. Ratliff,* 130 S. Ct. 2521, 2529 (2010).  Thus, I recommend that attorneys' fees in the amount of $1,043.75 be paid directly to the plaintiff and sent to the business address of plaintiff's counsel.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2011):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.  At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: May 31, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE